UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **GLAY COLLIER, II** | **CIVIL ACTION NO. 14-2303** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **ALEX BURCH** | **MAG. JUDGE KAREN L. HAYES** |

### RULING

Before the Court is Plaintiff Glay Collier, II's ("Collier") Motion to Withdraw Reference [Doc. No. 1] and Request for Stay of Proceedings Pending Determination of Motion to Withdraw Reference [Doc. No. 2]. Defendant Alex Burch ("Burch") opposes Collier's motion and request [Doc. No. 1-6].

For the following reasons, Collier's motion is DENIED, and his request is DENIED AS MOOT.

### FACTS

Collier is a licensed attorney who practices bankruptcy law. On December 12, 2012, Collier commenced a Chapter 7 bankruptcy case on behalf of Burch in the United States Bankruptcy Court for the Western District of Louisiana, Docket No. 12-BK-32280. Burch alleges that Collier's "machinations" caused his discharge to be disallowed and his case closed. [Doc. No. 1-6, p. 1].

On November 13, 2013, Burch retained new counsel, Sam Henry, IV, who filed a motion to reopen his bankruptcy case.

On June 6, 2014, through new counsel, Burch filed a "Motion to Show Cause Why Attorney Fees Should not Be Disallowed, Actual and Punitive Damages Pursuant to § 362(K),

Damages Pursuant to § 526, and For Sanction Pursuant to § 329." [Bankruptcy Case No. 12-BK-32280, Doc. No. 20]. On June 19, 2014, Burch also filed a "Motion to Show Cause Why Sanctions Should not be Imposed Upon Glay H. Collier II Pursuant to Rule 9011." As part of the relief sought, Burch contends that Collier should be disbarred or suspended from practice in bankruptcy court.

On July 9, 2014, Collier filed the instant motion and request in the bankruptcy court. The motion and request were docketed in this Court on July 15, 2014.

## LAW AND ANALYSIS

A.  **Request for Stay**

When a motion for withdrawal of reference is assigned to a district judge, matters pending before the bankruptcy court are not automatically stayed. Federal Bankruptcy Rule 5011(c) provides:

> The filing of a motion for withdrawal of a case or proceeding or for abstention pursuant to 28 U.S.C. §1334(c) shall not stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion. A motion for a stay ordinarily shall be presented first to the bankruptcy judge. **A motion for a stay or relief from a stay filed in the district court shall state why it has not been presented to or obtained from the bankruptcy judge.** Relief granted by the district judge shall be on such terms and conditions as the judge deems proper.

(emphasis added).

In this case, Collier did not file a motion with the bankruptcy court, but sought relief from this Court without stating his reasons for bypassing the bankruptcy court. The Court could deny Collier's request for stay on this basis alone. However, given the Court's analysis and conclusions and for the reasons stated below, the request for stay is DENIED AS MOOT.

**B.** **Withdrawal**

"The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). "Section 157 was enacted in response to *Northern Pipeline Constr. v. Marathon Oil Pipe Line Co.*, 458 U.S. 50 . . . (1982), and limited the bankruptcy courts' power to fully adjudicate a case to 'all core proceedings arising under Title 11, or arising under a case under Title 11.'" *Bob Crowder Constr. Co. v. Cantex Chemicals, Inc.*, 175 B.R. 211, 212 (E.D. Tex. 1994). The Fifth Circuit has explained that a decision to withdraw the reference "must be based on a sound, articulated foundation." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998 (5th Cir. 1985).

"In deciding whether to grant a motion for permissive withdrawal of reference, the factors the Court should consider include: (1) whether it is a core or non-core proceeding; (2) judicial economy; (3) prevention of forum shopping; (4) economical use of debtor's and creditor's resources; (5) uniformity in administration of bankruptcy laws; and (6) presence of jury trial demand." *Dimitri v. Granville Semmes*, No. Civ. A. 00-2448, 2000 WL 1843495, at *3 (E.D. La. Dec. 14, 2000) (citing *In re C-TC 9th Ave. Partnership*, 177 B.R. 760 (N.D. N.Y. 1995); *Holland America*, 777 F.2d 992); *see also Rodriguez v. Countrywide Home Loans, Inc.*, 421 B.R. 341, (S.D. Tex. 2009) ("In determining whether 'cause' exists, the court weighs the following factors: Are the proceedings core or non-core? Do the proceedings involve a jury demand? Would withdrawal further uniformity in bankruptcy administration? Would withdrawal reduce forum-shopping and confusion? Would withdrawal foster economical use of resources? Would withdrawal expedite the bankruptcy process?") (citations omitted).

Collier contends that the reference should be withdrawn because Burch seeks relief that the bankruptcy judge has no authority to grant. Collier argues that Local Rule 83.2.10 sets forth the procedure for seeking attorney discipline, and Burch has not "remotely complied" with those procedures. [Doc. No. 1, p. 2]. Because Burch, not a judge, sought to initiate disciplinary proceedings, Rule 83.2.10(A)(2) requires that the complainant file a "writing under oath with the Clerk of the Court," who then refers the matter to the Chief Judge for inquiry. Additionally, Collier argues that disbarment or suspension is not a proper remedy under Bankruptcy Rule 9011, and the bankruptcy judge does not have the authority to grant such relief.

Burch responds that Collier lacks cause to support the withdrawal of reference. Burch argues that "[n]othing can be more central to the administration of a bankruptcy proceeding than the regulation of the attorneys who practice before the court and the fees they charge." [Doc. No. 1-6, p. 3]. In fact, one of the central issues in the motions before the bankruptcy court is Collier's alleged violation of the automatic bankruptcy stay. As to the other factors, Burch points out that there is no jury demand, there is no threat of irreparable harm to Collier, and withdrawal would only encourage forum shopping and confuse the bankruptcy process.

The Court finds that this case is not appropriate for permissive withdrawal of the reference. A motion for disgorgement of fees is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)[1]

---

[1]Section 157(b)(2) provides:

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

    (2)    Core proceedings include, but are not limited to--

because the motion arises under and relates to Burch's bankruptcy case. *See* 11 U.S.C. § 329(b) (providing statutory grounds under Title 11 for a bankruptcy court to review and disgorge attorneys' fees). Moreover, consideration of the other factors also support the Court's conclusion. This a non-jury matter, and it is an economical use of the parties' resources to have the issue considered by the court and in the case where the conduct allegedly occurred. The Court will not become involved in a core proceeding merely because a movant seeks one type of relief which is not available. It is often the case, in any court, that a movant may seek relief which the Court does not have the authority to grant. The mere fact that Burch has requested one type of relief which Judge Calloway cannot grant does not remove his authority to consider motions which are otherwise properly before him. Indeed, while Local Rule 83.2.10 addresses attorney discipline, it does not grant this Court authority to impose the relief requested by Burch. Instead, Local Rule 83.2.10(A)(1) provides that "[a]ny judge of this Court *including a Bankruptcy Court judge* may take limited action to initiate disciplinary proceedings," which includes fines or suspensions of 90 days or less. For suspensions of greater than 90 days or disbarments, the judge, including a bankruptcy judge, refers the proceedings for review

---

    (A)    matters concerning the administration of the estate;

    (B)    allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

    . . .

    (K)    determinations of the validity, extent, or priority of liens;

to the Chief Judge of the Western District of Louisiana as provided in Rule 83.2.10(A)(2). Although Burch takes issue with the fact that this is non-judge initiated disciplinary request, under Rule 83.2.10, if after conducting an evidentiary hearing, Judge Calloway finds it appropriate to do so, the Court finds no reason he could not initiate disciplinary proceedings as set forth in the Rule. If the reference were withdrawn, this Court would have essentially the same authority as Judge Calloway.Calloway–to suspend for 90 days or less or refer to the Chief Judge for further proceedings.[2] Thus, for these reasons, Collier's Motion to Withdraw Reference [Doc. No. 1] is DENIED.

    MONROE, LOUISIANA, 16th day of July, 2014.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[2] The Court recognizes that the Chief Judge, according to procedure, could then designate an Article III judge or magistrate judge to conduct an inquiry, but, regardless, neither this Court nor Judge Calloway could do more than order a 90-day suspension without further proceedings.